IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| DONNA CAMPOBASSO, ANTHONY CIVITANO and ALFONZO FARFAN, on behalf of themselves and all others similarly situated,<br><br>   Plaintiffs,<br><br>v.<br><br>THE QUAKER OATS COMPANY, and DOES 1 through 50,<br><br>   Defendants. | Case No. 1:22-cv-06043<br><br>Honorable Edmond E. Chang<br><br>Honorable Magistrate Heather K. McShain<br><br>**JURY TRIAL DEMANDED** |

**THE QUAKER OATS COMPANY'S MOTION TO DISMISS
PLAINTIFFS' CLASS ACTION COMPLAINT
AND MEMORANDUM IN SUPPORT[1]**

---

[1] Counsel for both parties conferred, and Plaintiffs intend to contest this motion, as reflected in the stipulated briefing schedule entered by the Court on December 9, 2022. *See* ECF No. 9.

## I. INTRODUCTION

This is a case about two products sold by The Quaker Oats Company: Simply Granola – *Oats, Honey & Almonds*, and Simply Granola – *Oats, Honey, Raisins & Almonds*. Plaintiffs allege that the word "Simply" in the brand name "Simply Granola" means that *only* oats, honey, raisins, and almonds are in the Products, and that Quaker's labeling is deceptive because the Products contain additional ingredients.

Plaintiffs' legal theory is invalid to its core. Plaintiffs are treating the brand name and the flavors of the granola as statements about the ingredients in the Products. That theory conflicts with federal law, because FDA has long authorized manufacturers like Quaker to state or depict the flavor of their product on the front of a package—even when (unlike here) the pictured ingredient is not in the product at all. Moreover, no objectively reasonable consumer would read the brand name "Simply Granola" to mean that every ingredient is listed on the front label. Plaintiffs' Complaint should be dismissed with prejudice.

## II. BACKGROUND

For 100 years, Quaker has been a household name, manufacturing oatmeal and other products. As relevant here, Quaker produces several types of granola breakfast products, including "Simply Granola," "Puffed Granola," and "Protein Granola":



1

*See* Quaker Oats Granola Products, https://www.quakeroats.com/products/cold-cereals/granola (last visited Jan. 23, 2023).² Each of these product lines comes in various flavors. For example, Puffed Granola has a *Blueberry Vanilla* flavor (pictured above) and an *Apple Cinnamon* flavor.³ Similarly, Simply Granola has an *Oats, Honey, Raisins & Almonds* flavor and an *Oats, Honey & Almonds* flavor, which are the two Products at issue here. *See* ECF No. 1 ("Compl.") ¶¶ 1, 19.

Plaintiffs are residents of Illinois, New York, and California who claim they purchased the Products in those states. Compl. ¶¶ 6–8. They allege the name "Simply Granola" followed by a "list of select named ingredients … with pictures of *only* those [ingredients] on the front label … leads reasonable consumers to believe that the Products are comprised only of [those ingredients]," whereas the Products also contain other ingredients, such as wheat, sugar, and vegetable oils. *Id.* ¶ 2 (emphasis in original). For example, Ms. Campobasso alleges she "saw and relied on the phrase 'SIMPLY GRANOLA,' the list of Represented Ingredients … and the pictures of oats, the honey dipper, and shredded almonds" on Simply Granola – *Oats, Honey & Almonds* and "believed she was purchasing a granola that contained – simply – only those three ingredients." *Id.* ¶ 6. Mr. Farfan's and Mr. Civitano's allegations are similar. *See id.* ¶¶ 7–8. Plaintiffs allege they "paid a premium for the Products based on the false perception that the Represented Ingredients were the only ingredients in the Products," and claim they would have purchased a different product or paid less had they known the "truth" that the products contained additional ingredients. *Id.* ¶ 28.

---

² This Court "may take judicial notice of undisputed material hosted on a party's public website." *Newbold v. State Farm Mut. Auto. Ins. Co.*, No. 13 C 9131, 2015 WL 13658554, at *4 n.7 (N.D. Ill. Jan. 23, 2015). Plaintiffs also refer to Quaker's website in the Complaint (¶¶ 25, 27), which further confirms that judicial notice of this website is appropriate here. *See Goplin v. WeConnect, Inc.*, 893 F.3d 488, 491 (7th Cir. 2018) (affirming judicial notice of website cited in complaint); *see also Patel v. Zillow, Inc.*, No. 17-cv-4008, 2017 WL 3620812, at *1 n.2 (N.D. Ill. Aug. 23, 2017) (taking judicial notice of "full webpage" where complaint relied on "incomplete" version).

³ *See* Quaker Oats Puffed Granola, https://www.quakeroats.com/products/cold-cereals/granola/puffed-granola (last visited Jan. 23, 2023).

2

Plaintiffs assert causes of action under the consumer deception statutes of Illinois, Iowa, Arkansas, New York, and California, as well as claims for breach of express and implied warranty under New York and California law, and common law unjust enrichment. Plaintiffs seek to advance these claims on behalf of putative classes of Illinois, New York, California, Iowa, and Arkansas consumers. Compl. ¶ 30. They seek injunctive and declaratory relief, attorneys' fees, pre- and post-judgment interest, and monetary and punitive damages. *Id.* at pp. 32–33.

### III. LEGAL STANDARD

The Supremacy Clause of the United States Constitution grants Congress the power to preempt state law. *Crosby v. Nat'l Foreign Trade Council*, 530 U.S. 363, 372 (2000). Any state-law claims that are preempted by federal law must be dismissed with prejudice. *Turek v. Gen. Mills, Inc.*, 662 F.3d 423, 425 (7th Cir. 2011).

In addition, to survive a motion to dismiss, a complaint must "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). The well-pleaded facts must "nudge[ the plaintiff's] claims … across the line from conceivable to plausible" and "permit the court to infer more than the mere possibility of misconduct." *Id.* at 679–80. Although the Court must accept factual allegations as true, this tenet is "inapplicable to legal conclusions." *Id.* at 678. After stripping away "conclusory statements," the Court must rely on its "judicial experience and common sense," *id.* at 678–79, to determine whether the remaining factual allegations "raise a right to relief above the speculative level," *Twombly*, 550 U.S. at 555; Fed. R. Civ. P. 8(a), and would justify subjecting the defendant to the costs and burdens of discovery.

IV. ARGUMENT

A. **Federal Labeling Law Preempts Plaintiffs' Claims**

State-law claims are preempted if they would impose requirements on a food manufacturer that are "not identical" to federal law. *Turek*, 662 F.3d at 425–26. Plaintiffs' claims are preempted by the federal Food, Drug & Cosmetic Act because, if accepted, they would impose requirements for flavor labeling that conflict with federal law. 21 U.S.C. §§ 343-1(a)(2), (a)(3).

Federal law expressly authorizes manufacturers like Quaker to designate and depict a product's flavor on the front of the package. Manufacturers may call out "the primary recognizable flavor(s), by word, [or] vignette," or otherwise "designate the type of flavor in the food other than through the statement of ingredients." 21 C.F.R. § 101.22(i). FDA has established rules for what information must accompany this "characterizing flavor" designation—for example, by requiring a disclosure statement if that flavor comes from artificial sources. *Id.* § 101.22(i)(2). But FDA does *not* prohibit manufacturers from identifying the characterizing flavor on the front label if there are other ingredients in the product. In fact, FDA does not prohibit manufacturers from stating or displaying the characterizing flavor on the front label *even if the product does not contain those ingredients at all. Id.* § 101.22(i)(1)(i); *see also In re Quaker Oats Maple & Brown Sugar Instant Oatmeal Litig.*, No. CV 16-1442 PSG (MRWx), 2017 WL 4676585, at *3–6 (C.D. Cal. Oct. 10, 2017) (dismissing as preempted claims challenging "Maple & Brown Sugar" oatmeal because the product did not contain any maple). Courts routinely dismiss as preempted cases alleging this misguided theory.[4]

---

[4] *See, e.g.*, *Henry v. Gerber Prods. Co.*, No. 3:15-cv-02201-HZ, 2016 WL 1589900, at *6 (D. Or. Apr. 18, 2016) ("FDA … plainly allow[s] a manufacturer to use the name and image of a fruit on a product's packaging to describe the products' 'characterizing flavor,' even if the product does not actually contain any of the depicted fruit, or indeed any fruit at all."); *Dvora v. Gen. Mills, Inc.*,

4

Here, *Oats, Honey & Almonds* and *Oats, Honey, Raisins & Almonds* are the "primary recognizable flavor(s)" of these Simply Granola cereals, and Quaker is authorized to state and depict that information "by word [and] vignette" on the front of the package. *See* 21 C.F.R. § 101.22(i). Plaintiffs' theory that such labeling is deceptive would impose a rule that FDA has never adopted—that the primary recognizable flavors cannot be identified on a package unless the manufacturer also states on the front label that the product contains additional ingredients. Plaintiffs' theory would impose a requirement that directly conflicts with (and is "not identical" to) federal law. *Turek*, 662 F.3d at 425–26. Plaintiffs' claims should be dismissed with prejudice as preempted. *See id.* at 425.

**B.    Plaintiffs Fail to State a Plausible Claim for Consumer Deception**

   **1. No Reasonable Consumer Would Be Deceived by Product Labeling that Makes No Exclusivity Or 100% Claims and Accurately Lists All Ingredients**

Even if Plaintiffs' claims were somehow not preempted, they should be dismissed because Quaker's labeling is not deceptive as a matter of law. Plaintiffs bring claims under the consumer deception statutes of five states, but all these laws share the same core requirement: Plaintiffs must plausibly allege that the Products' labels are likely to deceive a reasonable consumer.[5]

Under the reasonable consumer standard, plaintiffs bringing consumer deception claims

---

No. 11-cv-1074-GW (PLAx), 2011 WL 1897349, at *5 (C.D. Cal. May 16, 2011) (dismissing as preempted state-law claims challenging "Total Blueberry Pomegranate" labeling on cereal that allegedly did not contain those ingredients because this characterizing flavor labeling "falls well within the extensive regulatory scheme promulgated under the FDCA").

[5] *See Werbel ex rel. v. PepsiCo, Inc.*, No. C 09–04456 SBA, 2010 WL 2673860, at *3 (N.D. Cal. July 2, 2010) (applying "reasonable consumer" test to UCL, FAL, and CLRA claims); *Campbell v. Drink Daily Greens, LLC*, No. 16-CV-7176, 2018 WL 4259978, at *3 (E.D.N.Y. Sept. 4, 2018) (same for New York General Business Law); *Cristia v. Trader Joe's Co.*, No. 1:22-cv-01788, 2022 WL 17551552, at *5 (N.D. Ill Dec. 9, 2022) (same for ICFA); *Jackson v. Kraft Heinz Foods Co.*, No. 1:21-CV-05219, 2022 WL 4591749, at *4 (N.D. Ill. Aug. 3, 2022) (same for Iowa Consumer Frauds Act and Arkansas Deceptive Trade Practices Act).

5

must allege facts establishing "a probability that a *significant portion* of the general consuming public or of targeted consumers, acting reasonably in the circumstances, could be misled." *Bell v. Publix Super Mkts., Inc.*, 982 F.3d 468, 474–75 (7th Cir. 2020) (citations omitted) (emphasis added). This requires an objective analysis of whether the challenged labeling is plausibly misleading. When "plaintiffs base deceptive advertising claims on unreasonable or fanciful interpretations of labels or other advertising," dismissal is appropriate. *Id*. at 477.

Plaintiffs' view that consumers are misled by the "Simply Granola" brand name and flavor call-outs is unreasonable as a matter of law for several common sense reasons.

*First*, Quaker's labeling is truthful and accurate. It describes the flavor of the Products as *Oats, Honey & Almonds* or *Oats, Honey, Raisins & Almonds*. Quaker does not claim the Products contain *only* those ingredients or consist *100%* of them. Significantly, Plaintiffs do not dispute that the Products contain those ingredients (because the Products do). Nothing on the label is deceptive.

Courts addressing similar claims have consistently rejected the theory advanced by Plaintiffs. In *Jackson v. Kraft Heinz Foods Co*., No. 1:21-CV-05219, 2022 WL 4591749 (N.D. Ill. Aug. 3, 2022), for example, the plaintiff challenged the labeling of frozen bite-size pizza bagels as false or misleading because the front of the package described the product as "mini bagels with mozzarella, cheddar, Monterey Jack cheeses and tomato sauce" but did not state that the product also included "filler" ingredients like starch, nonfat milk, and whey. *Id.* at *1. The district court dismissed the claim, holding that the front label would not mislead reasonable consumers. "[T]here is no implication beyond what the unambiguous description of the Product on the label actually says—that the Product contains mini bagels with mozzarella cheese … and tomato sauce." *Id*. at *4. Similarly, in *Rice v. Dreyer's Grand Ice Cream, Inc.*, No. 21 C 3814, 2022 WL 3908665

6

(N.D. Ill. Aug. 30, 2022), the district court dismissed claims challenging the labeling of "Vanilla Milk Chocolate Almond" ice cream bars as deceptive because the bars also contained vegetable oil. The court observed that the front label did not say "*100%* milk chocolate and almonds," and "[i]t follows that a reasonable consumer would not understand the front label to convey that the ice cream's coating consists *only* of chocolate and almonds." *Id*. at *4 (emphasis in original).

These cases make clear that a "product that says it contains [certain ingredients] when the Product does, in fact, contain [those ingredients] is *not* misleading to the reasonable consumer simply because its label does not list its additives." *Jackson*, 2022 WL 4591749 (emphasis added), at *2; *see also Cerretti v. Whole Foods Mkt. Grp., Inc.*, No. 21 CV 5516, 2022 WL 1062793, at *3 (N.D. Ill. Apr. 8, 2022) (dismissing ICFA claim where the defendant "never advertised its product as exclusively or 100% chocolate," and "the product actually contained chocolate"); *Harris v. Mondelēz Glob. LLC*, No. 19-cv-2249 (ERK) (RER), 2020 WL 4336390, at *3 (E.D.N.Y. July 28, 2020) ("Reasonable consumers would not expect, upon learning that the [Oreos] contain [cocoa], that the [cocoa] is present in a particular form or not mixed with other ingredients.") (alterations in original). These holdings are directly on point and require dismissal of Plaintiffs' claims here.

*Second*, Plaintiffs are incorrect to suggest that the word "Simply" in the Products' name would cause consumers to believe that the Products contain *nothing but* the ingredients listed on the characterizing flavor call-out. Context is crucial in assessing labeling claims, and courts "must view the allegedly misleading statement in light of the information available to [the plaintiff] at the time of her purchase." *Ibarrola v. Kind, LLC*, 83 F. Supp. 3d 751, 759 (N.D. Ill. 2015); *see also Bell*, 982 F.3d at 477. Here, the label does not state, for example, that the Products contain "simply oats, honey & almonds" or "simply oats, honey, raisins & almonds." The Products' *brand*

7

name is "Simply Granola." "Simply" modifies "Granola." It distinguishes this brand of granola cereal from Quaker's other granola cereal brands, "Puffed Granola" and "Protein Granola."[6]

Moreover, the brand name "Simply Granola" is not reasonably understood as a factual statement about the Products' ingredients. Courts have routinely dismissed cases pushing similar theories. In *Solak v. Hain Celestial Group, Inc.*, No. 317CV0704LEKDEP, 2018 WL 1870474 (N.D.N.Y. Apr. 17, 2018), for example, the court held that the product name "Garden Veggie Straws," did not deceive consumers because it made "no claim as to the amount or proportion of 'Veggie' products incorporated in the Straws." *Id.* at *3; *see also Kennedy v. Mondelēz Glob. LLC*, No. 19-CV-302-ENV-SJB, 2020 WL 4006197, at *13 (E.D.N.Y. July 10, 2020) (holding that the product name "Honey Maid" and the statement "made with real honey" would not lead reasonable consumers to expect that "honey is present in a particular form or not mixed with other ingredients"); *Rooney v. Cumberland Packing Corp.*, No. 12-CV-0033-H DHB, 2012 WL 1512106, at *4 (S.D. Cal. Apr. 16, 2012) (holding that the brand name "Sugar in the Raw" did not promise unprocessed and unrefined sugar). The same is true here. A reasonable consumer would not interpret "Simply Granola" as a promise that the Products contain only certain ingredients.

*Third*, Plaintiffs' theory of deception entirely ignores the Products' ingredient list. FDA directs manufacturers to include a complete list of ingredients, in descending order of predominance by weight, on the label of food products. 21 C.F.R. § 101.4(a)(1). And FDA has urged consumers to look to the ingredient list to determine which ingredients are present in a food. *See, e.g.*, FDA, What's in a Name? What Every Consumer Should Know About Foods and Flavors,

---

[6] *Cf. Becerra v. Dr Pepper/Seven Up, Inc.*, 945 F.3d 1225, 1229 (9th Cir. 2019) (holding that reasonable consumers would understand that the word "*Diet*" in Diet Dr. Pepper is "a relative claim about the calorie content of that soft drink *compared to* the same brand's 'regular' … option," not a promise about "weight loss or management").

8

https://www.fda.gov/consumers/consumer-updates/whats-name-what-every-consumer-should-know-about-foods-and-flavors (last visited Jan. 23, 2023) (stating that if consumers want to know whether a product contains a certain ingredient, they "must look at the ingredient list on the package").[7] Plaintiffs do not dispute that the Products carried the required ingredient list. Nor do they dispute that sugar and oils and all the other ingredients they claim to have been surprised by were listed there. "The ingredient list[] thus clarif[ies]—in exactly the spot consumers are trained to look"—which ingredients the Products contain. *Davis v. Hain Celestial Grp., Inc.*, 297 F. Supp. 3d 327, 337 (E.D.N.Y. 2018); *see also Cerretti*, 2022 WL 1062793, at *3 (holding that product labeling "wasn't likely to deceive a significant portion of reasonable consumers" because it had "an accurate ingredients list"); *Fuchs v. Menard, Inc.*, No. 17-cv-01752, 2017 WL 4339821, at *5 (N.D. Ill. Sept. 29, 2017) (Chang, J.) (dismissing ICFA claim "in light of all the information available to the consumer") (citation omitted).

This is not a case where the product label makes a prominent and affirmative statement about the exclusivity of its contents, such as "100% Grated Parmesan Cheese." In *Bell*, the Seventh Circuit reversed the dismissal of claims challenging "100% Grated Parmesan Cheese" labeling because the court concluded that the label could reasonably be read to convey that the product was 100% cheese when, in fact, it was not. 982 F.3d 468. The court explained that "an accurate fine-print list of ingredients does not foreclose as a matter of law a claim that an ambiguous front label deceives reasonable consumers." *Id*. at 476. Here, by contrast, the Product labels do not say "100% oats, honey, raisins, and almonds." They instead identify the brand and the various flavors

---

[7] The Court may take judicial notice of this information because it is publicly available "'on [an] official government website[].'" *Cristia*, 2022 WL 17551552, at *2–3 (quoting *Denius v. Dunlap*, 330 F.3d 919, 926–27 (7th Cir. 2003)) (taking judicial notice of FDA public service announcement about juice that was "publicly accessible on the FDA's official website").

9

of the Products. That difference in labeling matters and makes *Bell* inapposite. *Cf. Rice*, 2022 WL 3908665, at *4 (distinguishing *Bell* and dismissing claim); *Weaver v. Champion Petfoods USA Inc.*, 3 F.4th 927, 938 (7th Cir. 2021) (same).

*Finally*, Plaintiffs cannot salvage their claims that the Products' labeling is misleading with a smattering of consumer comments from the Internet about the Products. Compl. ¶ 25. A handful of Internet reviews—cherry-picked from the tens of thousands of these products sold nationwide—does not "nudge[] [Plaintiffs'] claims across the line from conceivable to plausible." *Twombly*, 550 U.S. at 570. Internet forums are replete with people who hold idiosyncratic views. But the law protects manufacturers when they speak to objectively reasonable consumers. "Perhaps a few misguided souls believe, for example, that all 'Danish pastry' is made in Denmark. Is it, therefore, an actionable deception to advertise 'Danish pastry' when it is made in this country? Of course not." *Lavie v. Procter & Gamble Co.*, 105 Cal. App. 4th 496, 506–07 (2003); *see also Davis v. HSBC Bank Nev., N.A.*, 691 F.3d 1152, 1162 (9th Cir. 2012) ("a representation does not become 'false and deceptive' merely because it will be unreasonably misunderstood by an insignificant and unrepresentative segment" of consumers); *see also Thomas v. Costco Wholesale Corp.*, No. 21-55335, 2022 WL 636637, at *2 (9th Cir. Mar. 4, 2022).

Quaker's labeling does *not* state or imply that the flavor of its granola is in fact an exhaustive ingredient list. If Plaintiffs and a handful of consumers thought otherwise, they were not deceived "because of [Quaker's] advertising, but rather were confused because of their own unreasonable assumptions." *Thomas*, 2022 WL 636637, at *2.

### 2. Plaintiffs' State-Law Statutory Causes of Action Fail for Additional Reasons

#### a. Plaintiffs Cannot State a Claim Under California's UCL

Plaintiffs have not stated a claim under the "unlawful" or "unfair" prongs of the UCL.

*First*, Plaintiffs allege that Quaker's labeling is "unlawful" because it violates 21 C.F.R. § 101.18(b), which states that "[t]he labeling of a food which contains two or more ingredients may be misleading by reason … of the designation of such food in such labeling by a name which includes or suggests the name of one or more but not all such ingredients, even though the names of all such ingredients are stated elsewhere in the labeling." *Id.*

Plaintiffs have not plausibly alleged a violation of § 101.18(b) here. Plaintiffs cannot state a violation based on the Products' name, "Simply Granola," because "granola"—which is a "*mixture … of rolled oats and various added ingredients*"—is not itself an ingredient.[8] *See Coe v. Gen. Mills, Inc.*, No. 15-CV-05112-TEH, 2016 WL 4208287, *2 (N.D. Cal. Aug. 10, 2016) (rejecting allegations that the name "Cheerios Protein" violates § 101.18(b) by failing to disclose the presence of sugar because "Cheerios is not an 'ingredient,'" so "the name 'Cheerios Protein' is not regulated by" this provision). And even if § 101.18(b) did apply to the "Simply Granola" name, courts have made clear that "[a] brand name that offers some indication of a product's contents is *not … necessarily required* to list out every ingredient" to comply with this regulation. *Lima v. Post Consumer Brands, LLC*, No. 1:18-cv-12100-ADB, 2019 WL 3802885, at *6 (D. Mass. Aug. 13, 2019) (emphasis added). Plaintiffs also cannot allege a violation based on the *Oats, Honey & Almonds* and *Oats, Honey, Raisins & Almonds* labeling or images, because these are "characterizing flavor" call-outs expressly authorized by 22 C.F.R. § 101.22(i). *See supra* at 4–5. The labeling here "makes no objective representation about the amount of" particular ingredients (such as a 100% claim) and includes an "accurate list of ingredients," so Plaintiffs do

---

[8] *Granola*, Merriam-Webster's Online Dictionary, https://www.merriam-webster.com/dictionary/granola (last accessed January 23, 2023) (emphasis added). The Court may take judicial notice of this dictionary definition, which shows "generally accepted English usage" of the word granola. *Miller Brewing Co. v. G. Heileman Brewing Co.*, 561 F.2d 75, 80 (7th Cir. 1977).

"not plausibly allege that it would have confused a reasonable consumer." *Lima*, 2019 WL 3802885, at *7. Plaintiffs' failure to allege a violation of § 101.18(b) defeats their "unlawful" claim. *See Simpson v. Cal. Pizza Kitchen, Inc.*, 989 F. Supp. 2d 1015, 1025–26 (S.D. Cal. 2013).

*Second*, Plaintiffs have not pleaded an unavoidable consumer injury that could give rise to an "unfair" UCL claim. "Under the UCL, '[a]n act or practice is unfair if the consumer injury … is not an injury the consumers themselves could reasonably have avoided.'" *Simpson*, 989 F. Supp. 2d at 1026 (citation omitted) (alteration in original). Plaintiffs had every opportunity to inspect the Products—and they do not dispute that the ingredient lists are accurate—so Plaintiffs could have reasonably avoided their purported injuries simply by reading that list. *See id.* (finding the alleged injury could have been reasonably avoided where "[t]he nutrition facts panels of all of the Contested Pizzas clearly indicate their TFA content"). Plaintiffs also have made no effort to explain how Quaker's labeling is "immoral, unethical, oppressive, unscrupulous or substantially injurious to consumers," when all the ingredients are clearly disclosed on the package, as required to state an "unfair" claim under the UCL. *Victor v. R.C. Bigelow, Inc.*, No. 13-CV-02976-WHO, 2014 WL 1028881, at *18 (N.D. Cal. Mar. 14, 2014). The Complaint alleges only bare legal conclusions (¶¶ 102–09), which are insufficient as a matter of law. *See Iqbal*, 556 U.S. at 679.

### b. Plaintiffs Cannot Sue Under Iowa and Arkansas Consumer Fraud Statutes

Plaintiffs' claims under the Iowa Consumer Frauds Act are inadequately pled because "the complaint contains no indication that Plaintiff[s] obtained the approval of the Iowa attorney general to bring this class action suit alleging a violation of Iowa's consumer protection statute," as the statute requires for a private plaintiff to bring a putative class action under the Act. *Huston v. Conagra Brands, Inc.*, No. 4:21-cv-04147-SLD-JEH, 2022 WL 4647251, at *6 n.12 (C.D. Ill. Sept. 30, 2022); *see also* Iowa Code Ann. § 714H.7 ("A class action lawsuit alleging a violation

12

of this chapter shall not be filed with a court unless it has been approved by the attorney general.").

Nor can Plaintiffs "pursue a private class action under Arkansas' consumer protection law." *Huston*, 2022 WL 4647251, at *6 n.12. The Arkansas Deceptive Trade Practices Act provides that "[a] private class action … is prohibited unless the claim is being asserted for a violation of Arkansas Constitution, Amendment 89." Ark. Code Ann. § 4-88-113(f)(1)(B). Plaintiffs' claim on behalf of Arkansas residents (Compl. ¶ 30) has nothing to do with Amendment 89, which addresses Arkansas governmental "public and private debt obligations, as well as issuance of energy efficiency bonds." *Forrester v. Martin*, 383 S.W.3d 375, 377 (Ark. 2011).

Finally, even putting aside these obstacles, Plaintiffs lack Article III standing to sue on behalf of Iowa or Arkansas consumers. Plaintiffs do not allege that they purchased the Products in Iowa or Arkansas or live in those states. *See* Compl. ¶¶ 6–8. As a result, Plaintiffs' Iowa and Arkansas claims must be dismissed because no named plaintiff has standing to assert them. *See Muir v. Nature's Bounty, Inc.*, No. 15 C 9835, 2017 WL 4310650, at *9 (N.D. Ill. Sept. 28, 2017).

**C.      Plaintiffs Have Not Plausibly Alleged that Quaker Breached Any Warranty**

Just as with their statutory consumer deception claims, Plaintiffs cannot state a claim for breach of express or implied warranty because the Products' labels are truthful and not misleading. Plaintiffs have not plausibly alleged any express warranty or any breach. They assert that the name "'Simply Granola,' followed by a clarifying list of the Represented Ingredients" warrants that the Products contain *only* these ingredients. Compl. ¶¶ 71–72, 114–15. But "Simply" describes only the type of granola cereal, and the list of ingredients describes only the flavor variety—the labeling does not promise that the Products contain only the ingredients mentioned in the flavor varieties. Moreover, the name "Simply" is a representation "'of such a general nature that a reasonable consumer would not rely on it as a statement of fact.'" *Sarr v. BEF Foods, Inc.*, No. 18-cv-6409

13

(ARR) (RLM), 2020 WL 729883, at *7 (E.D.N.Y. Feb. 13, 2020) (citation omitted). And because Plaintiffs have not plausibly alleged that a reasonable consumer would be deceived, *see supra* at 5–10, these allegations "cannot be relied upon by Plaintiffs as grounds for asserting a breach of express warranty under either New York or California law." *Solak*, 2018 WL 1870474, at *11.

Plaintiffs' claim for breach of implied warranty fares no better. Plaintiffs do not—and cannot—allege that the Products are unfit for their ordinary purpose of human consumption. *See Viggiano v. Hansen Nat. Corp.*, 944 F. Supp. 2d 877, 896 (C.D. Cal. 2013) (dismissing implied warranty claim where plaintiff did not allege that "the beverage was not drinkable" or was "contaminated"). And Plaintiffs cannot plausibly allege that the Products do not "[c]onform to the promises or affirmations of fact" on their labels. Cal. Com. Code § 2314(2)(f). The Products contain the ingredients listed on the front of the package, and the style of granola is "simple," as opposed to "puffed" or "protein." *See Kennard v. Kellogg Sales Co.*, No. 21-CV-07211-WHO, 2022 WL 4241659, at *8 (N.D. Cal. Sept. 14, 2022) (the breach of implied warranty analysis "rises and falls with [Plaintiffs'] express warranty claims"); *Hendricks v. StarKist Co.*, 30 F. Supp. 3d 917, 933 (N.D. Cal. 2014) (applying same analysis to express and implied warranty claims).

**D.      Plaintiffs Do Not State a Claim for Unjust Enrichment**

Plaintiffs' consumer deception and breach of warranty claims fail, and their Illinois and California "claim[s] for unjust enrichment cannot stand on [their] own." *Ibarrola*, 83 F. Supp. 3d at 761 (citation omitted); *see also Abuelhawa v. Santa Clara Univ.*, 529 F. Supp. 3d 1059, 1070 (N.D. Cal. 2021) ("California does not recognize a separate cause of action for unjust enrichment."). Similarly, Plaintiffs' New York unjust enrichment claim is duplicative of their other failed claims, and "an unjust enrichment claim is not available where it simply duplicates, or replaces, a conventional contract or tort claim," or "where an adequate remedy at law exists."

*Price v. L'Oréal USA, Inc*., No. 17 Civ. 0614 (LGS), 2017 WL 4480887, at *5 (S.D.N.Y. Oct. 5, 2017). Plaintiffs also do not plausibly allege that Quaker was unjustly enriched, and that its retention of profits "would violate the fundamental principles of justice, equity, and good conscience." *Oshana v. Coca-Cola Co*., 472 F.3d 506, 515 (7th Cir. 2006). Plaintiffs purchased granola containing oats, honey, almonds, and (as the case may be) raisins, and that is exactly what they received. Because Plaintiffs have not plausibly alleged consumer deception, "the requisite violation of fundamental principles of justice, equity, and good conscience is not present."[9] *Bober v. Glaxo Wellcome PLC*, 246 F.3d 934, 943 (7th Cir. 2001) (internal citations omitted).

## V. CONCLUSION

Federal law authorizes Quaker to label its granola products with flavor names, and no reasonable consumer would believe that a statement about flavor is instead a list of exclusive ingredients, particularly in the absence of "100%" or similar affirmative exclusivity statements. The law and the package labels cannot be changed through amendment. Plaintiffs' claims should be dismissed, and because any effort to amend the Complaint "would be futile," dismissal should be with prejudice. *Doermer v. Callen*, 847 F.3d 522, 528 (7th Cir. 2017).

---

[9] *See also Gudgel v. Clorox Co*., 514 F. Supp. 3d 1177, 1188 (N.D. Cal. 2021) ("plaintiff's failure to identify an actionable deception in the context of the 'reasonable consumer' test also requires the dismissal of her unjust enrichment claim"); *Kennedy*, 2020 WL 4006197, at *15 ("Where a deceptive trade practices claim fails for failure to allege deception, an unjust enrichment claim fails, too.").

15

Dated: January 23, 2023

Respectfully submitted,

By: */s/ Andrew S. Tulumello*

Andrew S. Tulumello
Arianna M. Scavetti (*pro hac vice pending*)
**WEIL, GOTSHAL & MANGES LLP**
2001 M Street, N.W.
Washington, DC 20036
Telephone: (202) 682-7100
Facsimile: (202) 857-0940
drew.tulumello@weil.com
arianna.scavetti@weil.com

Erik J. Ives
**FOX, SWIBEL, LEVIN & CARROLL, LLP**
200 West Madison Street, Suite 3000
Chicago, Illinois 60606
Telephone: (312) 224-1239
Facsimile: (312) 224-1201
eives@foxswibel.com

*Counsel for Defendant The Quaker Oats Company*

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on January 23, 2023, he caused the foregoing document to be electronically filed with the Clerk of the United States District Court for the Northern District of Illinois, Eastern Division, using the Court's CM/ECF system, which shall send notification of such filing to all counsel of record.

By: */s/ Andrew S. Tulumello*