## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

------------------------------------------------------- x

|  |  |
|---|---|
| CHRISTINE HICKEN, ANTHONY CIVITANO and ALFONZO FARFAN, on behalf of themselves and all others similarly situated, | CASE NO. 1:22-cv-06043 |
|  | Honorable Edmond E. Chang |
| Plaintiffs, | Honorable Magistrate Heather K. McShain |
| v. |  |
| THE QUAKER OATS COMPANY, and DOES 1 through 50, | **AMENDED CLASS ACTION COMPLAINT** |
| Defendants. | **JURY TRIAL DEMANDED** |

------------------------------------------------------- x

Plaintiffs Christine Hicken, Anthony Civitano and Alfonzo Farfan ("Plaintiffs"), on behalf of themselves and all others similarly situated, by and through their attorneys, bring this Class Action Complaint against Defendant The Quaker Oats Company ("Quaker") and DOES 1 through 50 (collectively, "Defendants"), based upon personal knowledge as to themselves, and upon information, investigation and belief of their counsel.

## SUMMARY OF THE ACTION

1.      This class action seeks to challenge Defendants' false and deceptive practices in the marketing and sale of two of its Quaker "SIMPLY" granola products: (1) Quaker Simply Granola Oats, Honey, Raisins & Almonds, and (2) Quaker Simply Granola Oats, Honey & Almonds (collectively, the "Products").

1

2.      Specifically, the use of the word "SIMPLY" in the name of the Products followed by a clarifying list of select named ingredients (hereinafter, the "Represented Ingredients"), with pictures of **only** those Represented Ingredients on the front label of the Products, leads reasonable consumers to believe that the Products are comprised only of the Represented Ingredients. However, these practices are false and misleading because the Products consist of a litany of other ingredients including wheat, sugar, inulin and inflammatory vegetable oils.

3.      Plaintiffs and Class members have reasonably relied on Defendants' deceptive naming and advertising of the Products, reasonably believing that the Products do not contain ingredients other than the Represented Ingredients.

4.      Plaintiffs and Class members purchased the Products and paid a premium price based on Defendants' advertising of the Products as "SIMPLY" granola, which is seen as a premium due to being a food with clean, simple ingredients.  Had Plaintiffs and Class members been aware of the truth about the Products, they would not have purchased them, or would have paid significantly less for them.  Accordingly, Plaintiffs and Class members have been injured by Defendants' deceptive business practices.

5.      Plaintiffs bring this class action lawsuit on behalf of themselves and all others similarly situated.  Plaintiffs seeks to represent an Illinois Class, a New York Class, a California Class, a California Consumer Subclass, and a Consumer Fraud Multi-State Class (defined *infra* in Paragraphs 30-31) (collectively referred to as the "Classes").

## PARTIES

### I.  Plaintiffs

6.     Plaintiff Christine Hicken is a citizen of Illinois and currently resides in Des Plaines, Illinois.  In the fall of 2023, Ms. Hicken purchased the "SIMPLY GRANOLA – Oats, Honey & Almonds" Product from a Jewel-Osco in Des Plaines, Illinois.  In purchasing the Product, Ms. Hicken saw and relied on the phrase "SIMPLY GRANOLA," the list of Represented Ingredients immediately below that, and the pictures of oats, the honey dipper, and shredded almonds.  Ms. Hicken did not see any other ingredients listed or depicted on the front label.  Based on these representations, Ms. Hicken believed she was purchasing a granola that contained – simply – only those three ingredients.  However, unbeknownst to Ms. Hicken, the Product she purchased contained a multitude of other ingredients.  Had she known that the Product also contained these other ingredients, she would not have purchased the Product or would have paid substantially less for it.  Therefore, Ms. Hicken suffered injury in fact and lost money as a result of Defendant's misleading, false, unfair, and fraudulent practices, as described herein.

7.     Plaintiff Anthony Civitano is a citizen of New York and currently resides in Fresh Meadows, New York.  In early 2022, Mr. Civitano purchased the "SIMPLY GRANOLA – Oats, Honey, Raisins, & Almonds" Product from the BJ's Wholesale Club in College Point, NY.  In purchasing the Product, Mr. Civitano saw and relied on the front label of the Product.  Specifically, Mr. Civitano saw and relied on the phrase "SIMPLY GRANOLA," the list of Represented Ingredients immediately below that, and the pictures of oats, the honey dipper, the raisins and shredded almonds.  Based on these representations, Mr. Civitano believed he

was purchasing a granola that contained – simply – only those four ingredients. However, unbeknownst to Mr. Civitano, the Product he purchased contained a multitude of other ingredients. Had he known that the Product also contained these other ingredients, he would not have purchased the Product or would have paid substantially less for it. Therefore, Mr. Civitano suffered injury in fact and lost money as a result of Defendants' misleading, false, unfair, and fraudulent practices, as described herein.

8.      Plaintiff Alfonzo Farfan is a citizen of California and currently resides in Monterey Park, CA. In March 2022, Mr. Farfan purchased the "SIMPLY GRANOLA – Oats, Honey, & Almonds" Product from the Albertsons in Monterey Park, CA. In purchasing the Product, Mr. Farfan saw and relied on the front label of the Product. Specifically, Mr. Farfan saw and relied on the phrase "SIMPLY GRANOLA," the list of Represented Ingredients immediately below that, and the pictures of oats, the honey dipper, and shredded almonds. Mr. Farfan did not see any other ingredients listed or depicted on the front label. Based on these representations, Mr. Farfan believed he was purchasing a granola that contained – simply – only those three ingredients. However, unbeknownst to Mr. Farfan, the Product he purchased contained a multitude of other ingredients. Had he known that the Product also contained these other ingredients, he would not have purchased the Product or would have paid substantially less for it. Therefore, Mr. Farfan suffered injury in fact and lost money as a result of Defendants' misleading, false, unfair, and fraudulent practices, as described herein.

9.      Despite Defendants' misrepresentations, Plaintiff Farfan would purchase the Products, as advertised, if they were in fact composed of the Represented Ingredients. Although Plaintiff Farfan regularly shops at stores which carry the Products, absent an

injunction on Defendant's deceptive advertising, he will be unable to rely with confidence on Defendants' labeling of the Products in the future. Furthermore, while Plaintiff Farfan currently believes that the Products are falsely and deceptively labeled, he lacks personal knowledge as to Defendants' specific business practices, as he will not be able determine whether the Products truly will be comprised of the Represented Ingredients in the future. This leaves doubt in his mind as to the possibility that at some point in the future the Products could be made in accordance with the representation on the front labels. This uncertainty, coupled with his desire to purchase the Products, is an ongoing injury that can and would be rectified by an injunction enjoining Defendants from making the alleged misleading representations. In addition, other California Class members will continue to purchase the Products, reasonably but incorrectly, believing that they are comprised of the Represented Ingredients.

## II.    Defendants

10.    Defendant The Quaker Oat Company is a New Jersey corporation and maintains its headquarters in Chicago, Illinois. Quaker, on its own and through its agents, is responsible for the formulation, ingredients, manufacturing, naming, advertising, marketing, and sale of the Products in the United States, including in Illinois, New York and California, and specifically in this District.

11.    The true names and capacities of DOES 1 through 50, inclusive, are unknown to Plaintiffs at this time, and Plaintiffs therefore sue such DOE Defendants under fictitious names. Plaintiffs are informed and believe, and thereon allege, that each Defendant designated as a DOE is in some manner highly responsible for the occurrences alleged herein, and that Plaintiffs and Class members' injuries and damages, as alleged herein, were proximately

caused by the conduct of such DOE Defendants. Plaintiffs will seek leave of the Court to amend this Complaint to allege the true names and capacities of such DOE Defendants when ascertained.

**JURISDICTION AND VENUE**

12.     This Court has subject matter jurisdiction under the Class Action Fairness Act, 28 U.S.C. §1332(d) in that: (1) this is a class action involving more than 100 Class members; (2) the parties are minimally diverse, as members of the proposed class are citizens of states different than Defendants' home states; and (3) the amount in controversy is in excess of $5,000,000, exclusive of interests and costs.

13.     This Court has personal jurisdiction over Defendants because they conduct and transact substantial business in Illinois, and intentionally and purposefully placed the Products into the stream of commerce within Illinois.

14.     Venue is proper in this judicial District pursuant to 28 U.S.C. § 1391 because a substantial part of the events or omissions giving rise to Ms. Hicken's claims occurred in this judicial District.  Namely, Ms. Hicken purchased one of the Products in this judicial District.

**FACTUAL BACKGROUND**

15.     Quaker is one of the most well-known producers of consumer food products in the U.S, including oatmeal and granola products.

16.     During the relevant statute of limitations period, Quaker, directly and/or through its agents, has formulated, manufactured, labeled, marketed, distributed and sold the Products across the United States.  The Products are sold through third-party retailers, including, but not limited to, Target, Amazon.com, Costco, Albertsons and Ralphs.

17. Through false and deceptive naming and marketing practices, Defendants have misled consumers regarding the ingredients used in the Products.

18. Specifically, the use of the word "SIMPLY" in the name of the Products, followed by a clarifying list of select named ingredients (hereinafter, the "Represented Ingredients"), with pictures of ***only*** those Represented Ingredients on the front label of the Products, leads reasonable consumers to believe that the Products are only comprised of the Represented Ingredients.

19. As an example, below is the front of the packaging for the Oats, Honey, Raisins & Almonds Product:



20.     Based on the example above, consumers, including Plaintiffs are led to believe that the Product is "Simply" granola which contains "oats, honey, raisins, and almonds," especially when only those ingredients are represented and depicted on the front label.  In the above example, Quaker prominently displays a honey dipper, shredded almonds, raisins and oats. No other ingredient is listed or depicted on the front label.

8

21.     In reality however, the Products contain a variety of other less desireful ingredients including sugar, canola oil, inulin, sunflower oil, wheat and others.

22.     Of note, the Products contain significantly more sugar than honey.  Moreover, the Products contain more wheat than almonds and honey as well.

23.     Because the Represented Ingredients used in the Products are not the only ingredients, Defendants' practice of naming and marketing the Products as "SIMPLY GRANOLA" is misleading.

24.     The false perception that the Products contain solely the Represented Ingredients is material to consumers' purchasing decisions because clean, simple ingredients is universally seen as a premium.[1]  Consumers are increasingly looking for clean ingredients in their foods and deem it a premium to find products that are comprised of only a minimum of ingredients. The health benefits associated with clean eating is well understood.[2]

25.     Plaintiffs are not the only consumers deceived by Defendants' misleading naming and advertising of the Products. Indeed, a number of other consumers have voiced their concerns to Defendants online, including complaints on Defendants' shopping page for the Products on Amazon.com, and on its own website:

---

[1] https://www.foodnavigator-usa.com/Article/2016/08/02/Meeting-consumer-demand-for-simple-isn-t-simple-Mintel-says

[2] https://www.mayoclinichealthsystem.org/hometown-health/speaking-of-health/clean-eating-what-does-that-mean#:~:text=Clean%20foods%20fill%20your%20body,natural%20state%20are%20more%20flavorful

**Q: is this gluten free**

**A:** NO!

This is not "Simply" granola. From the back of the bag, which they do not show you: INGREDIENTS: Whole grain oats, whole grain wheat, brown sugar, raisins (raisins, glycerin), canola oil, whey, inulin, almonds, nonfat dry milk, whey protein concentrate, honey, natural flavor (contains coconut ingredients), sunflower oil, tocopherols (to preserve freshness). This sort of misrepresentation and concealing it the sort of thing I would expect from Chinese sellers. What is going on, did China buy Quaker Oats? see less

By Skip on January 29, 2022

★☆☆☆☆ **bloating** and gas

By Shelly M. on November 21, 2019

This 'simple' granola contains a laxative that can give you extreme bloating, gas and diarrhea. What a horribly misleading name for this not-so-simple cereal. see less

★☆☆☆☆ granola eater · 2 years ago

**Not "Simply Granola" – Misleading packaging**

The product is boldly named "SIMPLY GRANOLA" with the words "OATS, HONEY, RAISINS & ALMONDS" listed just below. The obvious intent of this packaging is to make the consumer think it is a simple granola recipe using either exclusively, or at least predominantly those ingredients. However when you flip the box box over and read the ingredients what do you find?

Ingredient List (by weight)
whole grain oats
whole grain wheat
brown sugar
raisins
canola oil
whey
inulin
almonds
nonfat dry milk
whey protein concentrate
honey
natural flavor
sunflower oil
tocopherols

So the four ingredients you emphasize in your "simply granola" are actually numbers 1,4,8,11 on the actual ingredients. Moreover, if you look at the attached picture it says made with 21g of Whole Grain Oats and 22g of Whole Grain Wheat. So the number 1 ingredient should be wheat not oats.

Please be honest about how you brand your product, this is a violation of consumer trust. Please treat other people the way you want to be treated and not falsely market.

★☆☆☆☆ Mrs Dietician · 6 months ago

**More than just simply Granola**

The health benefit of this cereal are most of the ingredients but why add Brown Sugar or even honey. That increases the total sugars to 17g per serving, which does nothing for you health. The raisins are sweet enough for the cereal and there are plenty of other flavors in the cereal without needed unnecessary added sugar. This cereal is Simply Granola + Added Sugars.



**Gave me extremely toxic gas**

Tasty granola. But the addition of inulin and dry milk turned me into a toxic gas factory. Do not buy if you're lactose intolerant or sensitive to inulin. The combination of both is a worst case scenario. For something called "simply" granola, I think the addition of these is unnecessary.

Jeffrey Beall

★☆☆☆☆ Verified Purchase

**Contains inulin, which causes gas and bloating**

Reviewed in the United States on July 30, 2018
This product contains inulin, a filler which causes intestinal gas. So the "simply" term in the name is misleading, I think. Eating a bowl of this granola is like eating a large bowl of beans. I wish I had known this before I bought it.



**Why add dairy?**

I cannot have dairy right now and I just ate a bowl and realized it has both whey and non fat dry milk added. It was my fault for not reading the label before I consumed it but I am used to cascadian farms, or making my own, and I've never seen a recipe for granola that called for dairy. I'm disappointed. The back of the box indicates that it is just oats, raisins, nuts, and honey. So misleading!

26.     As the entity ultimately responsible for the formulation, manufacturing, naming, labeling, advertising, and sale of the Products, Defendants are responsible for the accuracy of the information conveyed about the Products, including in their naming, labeling, and marketing.

27.     Defendants knew or should have known that naming and marketing of the Products as "SIMPLY GRANOLA," as well as listing and depicting only the Represented

11

Ingredients, is deceptive, and that reasonable consumers would believe that the Represented Ingredients are the only ingredients used in the Products. This is in part due to the fact that consumers have repeatedly complained to Defendants on Amazon.com and on Defendants' website.

28.     Plaintiffs and other consumers were injured by the foregoing deceptive advertising because they paid a premium for the Products based on the false perception that the Represented Ingredients were the only ingredients in the Products. Had Plaintiffs and other consumers known that the ingredients used in the Products consisted of a host of other ingredients such as sugar, vegetable oils, inulin and wheat, they would have purchased a different product, or paid significantly less for the Products. As such, Plaintiffs and members of the putative Classes have been injured.

29.     Lastly, Defendants' misleading labeling of the Products is in direct violation of 21 C.F.R. § 101.18(b), which states that "[t]he labeling of a food which contains two or more ingredients may be misleading by reason (among other reasons) of the designation of such food in such labeling by a name which includes or suggests the name of one or more but not all such ingredients, even though the names of all such ingredients are stated elsewhere in the labeling." Although Plaintiffs do not bring a cause of action directly under regulation, Defendants have violated 21 C.F.R. § 101.18(b) because the naming and labeling of the Products includes or suggests the name of one or more but not all such ingredients (i.e. includes and suggests the Represented Ingredients but not other ingredients).

## CLASS DEFINITIONS AND ALLEGATIONS

30.     Plaintiffs brings this matter on behalf of themselves and those similarly situated.

Pursuant to Rule 23 of the Federal Rules of Civil Procedure (the "Rules" or "Rule"), Plaintiffs

seeks to represent the following classes:

> All residents of Illinois who purchased the Products within the applicable statute of limitation period ("Illinois Class").

> All residents of New York who purchased the Products in New York within the applicable statute of limitation period ("New York Class").

> All residents of California who purchased the Products within the applicable statute of limitations period ("California Class").

> All residents of California who purchased the Products for personal, family, or household purposes within the applicable statute of limitations ("California Consumer Subclass").

> All residents of Iowa and Arkansas who purchased the Products within the applicable statute of limitation period ("Consumer Fraud Multi-State Class").[3]

31.     The foregoing classes are referred to collectively as the "Class" or "Classes."

32.     The following people and entities are excluded from the Classes: (1) any Judge

or Magistrate presiding over this action and the members of their family; (2) Defendants,

Defendants' subsidiaries, parents, successors, predecessors, and any entity in which the

Defendants or its parents have a controlling interest and their current employees, officers and

directors; (3) persons who properly execute and file a timely request for exclusion from the

---

[3] The States in the Consumer Fraud Multi-State Class (hereinafter "CFMS Class") are limited to those States with similar consumer fraud laws under the facts of this case: Iowa (Consumer Fraud and Private Right of Action for Consumer Frauds Act, Iowa Code Ann. § 714.16 *et seq*.); Arkansas (Arkansas Deceptive Trade Practices Act, Ark. Code § 4-88-101, *et. seq*.).

Class; (4) persons whose claims in this matter have been finally adjudicated on the merits or otherwise released; (5) Plaintiffs' counsel and Defendants' counsel; and (6) the legal representatives, successors, and assigns of any such excluded persons.

33.     This action is properly brought and should be maintained as a class action under Rule 23(a), satisfying the class action prerequisites of numerosity, commonality, typicality, and adequacy because:

34.     **Numerosity:** Members of each Class are so numerous and geographically dispersed that individual joinder of all Class members is impracticable. The precise number of Class members is unknown to Plaintiffs but is likely to be ascertained by the Defendants' records.  At a minimum, there are likely at least tens of thousands of Class members.

35.     **Commonality:** There are questions of law and fact common to the proposed class(es). Common questions of law and fact include, without limitations:

    a.  whether reasonable consumers are likely to be deceived by the labeling of the Products;

    b.  whether Defendants' course of conduct alleged herein violates the statutes and other laws that are pled in this Complaint;

    c.  whether Defendants misrepresented material facts and/or failed to disclose material facts in connection with the packaging, marketing, distribution, and sale of the Products;

    d.  whether Defendants knew or should have known that their packaging, marketing, distribution, and sale of the Products were false or misleading;

    e.   whether Defendants were unjustly enriched by retaining monies from the sale of the Products;

    f.   whether certification of each Class is appropriate under Rule 23;

    g.   whether Plaintiffs and the members of each Class are entitled to declaratory, equitable, and/or other relief, and the scope of such relief; and

    h.   the amount and nature of the relief to be awarded to the Plaintiffs and the Classes.

36.    **Typicality:** Plaintiffs' claims are typical of the other Class members because Plaintiffs, as well as Class members, purchased the Products relying on the "SIMPLY" representation, along with the Represented Ingredients statement and images, prior to purchasing the Products. Plaintiffs and the members of each Class paid a price premium for Defendants' Products and would not have purchased them or would have paid substantially less for them had they known that the Represented Ingredients in the Products were not the only ingredients.

37.    **Adequacy:** Plaintiffs are adequate Class representatives because their interests do not conflict with the interests of the Classes they seek to represent; their claims are common to all members of the Classes and they have a strong interest in vindicating their and all other Class members' rights.  Plaintiffs have retained counsel competent and experienced in complex class action litigation and they intend to vigorously prosecute this action through judgment and appeal, if necessary.

38.    **Predominance:** Pursuant to Rule 23(b)(3), the common issues of law and fact identified in this Complaint predominate over any other questions affecting only individual

members of the Classes. Class issues fully predominate over any individual issue because no inquiry into individual conduct is necessary; all that is required is a narrow focus on Defendants' misconduct detailed at length in this Complaint.

39. **Superiority:** A class action is superior to all other available methods for the fair and efficient adjudication of this litigation because individual litigation of each claim is impractical. It would be unduly burdensome to have individual litigation of hundreds of thousands of individual claims in separate lawsuits, every one of which would present the issues presented in the Complaint/lawsuit. Further, because of the damages suffered by any individual Class member may be relatively modest in relation to the cost of litigation, the expense and burden of individual litigation make it difficult, if not impossible. Furthermore, many of the Class members may be unaware that claims exist against the Defendants.

## CLAIMS FOR RELIEF

**FIRST CLAIM FOR RELIEF**
**VIOLATION OF ILLINOIS CONSUMER FRAUD AND DECEPTIVE BUSINESS PRACTICES ACT ("ICFA") 815 ILCS 505/1,** *et seq.*
*(On Behalf of the Illinois Class)*

40. Plaintiff Hicken repeats and realleges Paragraphs 1-39 as if fully set forth herein.

41. Plaintiff Hicken and the Illinois Class members desired to purchase a product that contained only the Represented Ingredients and not additional ingredients.

42. As alleged herein, Defendants misrepresented the ingredients of the Products through statements, omissions, ambiguities, half-truths and/or actions.

16

43. Defendants' false and deceptive representations and omissions about the actual ingredients in the Products were material in that they influence consumer purchasing decisions.

44. Plaintiff Hicken and the Illinois Class relied on the representations and omissions.

45. Plaintiff Hicken and the Illinois Class members would not have purchased the Products or paid as much if the true facts had been known about them. As a result, they suffered damages.

## SECOND CLAIM FOR RELIEF
## VIOLATION OF STATE CONSUMER FRAUD ACTS
### *(On Behalf of the CFMS Class)*

46. Plaintiff Hicken repeats and realleges Paragraphs 1-39 as if fully set forth herein.

47. Plaintiff Hicken brings this claim on behalf of the CFMS Class for violations of Iowa's Consumer Fraud and Private Right of Action for Consumer Frauds Act, Iowa Code Ann. § 714.16 *et seq*., and Arkansas's Deceptive Trade Practices Act, Ark. Code § 4-88-101, *et. seq.* (the "Consumer Fraud Acts")

48. The Consumer Fraud Acts of the states in the CFMS Class prohibit the use of unfair or deceptive business practices in the conduct of trade or commerce.

49. Defendants intended that Plaintiff Hicken and each of the other members of the CFMS Class would rely upon its deceptive conduct, and a reasonable person would in fact be misled by this deceptive conduct.

50. As a result of Defendants' use or employment of artifice, unfair or deceptive acts or business practices, Plaintiff Hicken, and each of the other members of the CFMS Class, have sustained damages in an amount to be proven at trial.

51. In addition, Defendants' conduct showed malice, motive, and the reckless disregard of the truth such that an award of punitive damages is appropriate.

### THIRD CLAIM FOR RELIEF
### VIOLATION OF NEW YORK GENERAL BUSINESS LAW § 349
### *(On Behalf of the New York Class)*

52. Plaintiff Civitano repeats and realleges Paragraphs 1-39 as if fully set forth herein.

53. New York General Business Law ("GBL") § 349 prohibits "[d]eceptive acts or practices in the conduct of any business, trade, or commerce or in the furnishing of any service in this state."

54. The conduct of Defendants alleged herein constitutes recurring, "unlawful" deceptive acts and practices in violation of GBL § 349, and as such, Plaintiff Civitano and the New York Class seek monetary damages against Defendants.

55. Defendants misleadingly, inaccurately, and deceptively advertise and market the Products to consumers.

56. Defendants' improper consumer-oriented conduct – including naming and advertising the Products as "SIMPLY GRANOLA" – is misleading in a material way in that it, *inter alia*, induced Plaintiff Civitano and New York Class Members to purchase and pay a premium for Defendants' Products when they otherwise would not have. Defendants made

their misleading statements and representations willfully, wantonly, and with reckless disregard for the truth.

57.     Plaintiff Civitano and the New York Class have been injured inasmuch as they paid a premium for Products that were – contrary to Defendants' representations – not comprised of only the Represented Ingredients.  Accordingly, Plaintiff Civitano and the New York Class Members received less than what they bargained and/or paid for.

58.     Defendants' deceptive and misleading practices constitute a deceptive act and practice in the conduct of business in violation of New York General Business Law §349(a) and Plaintiff Civitano and the New York Class have been damaged thereby.

59.     As a result of Defendants' "unlawful" deceptive acts and practices, Plaintiff Civitano and the New York Class are entitled to monetary, compensatory, statutory, treble and punitive damages, restitution and disgorgement of all moneys obtained by means of Defendants' unlawful conduct, interest, and attorneys' fees and costs.

**FOURTH CLAIM FOR RELIEF**
**VIOLATION OF NEW YORK GENERAL BUSINESS LAW § 350**
***(On Behalf of the New York Class)***

60.     Plaintiff Civitano repeats and realleges Paragraphs 1-39 as if fully set forth herein.

61.     New York General Business Law § 350 provides, in part, as follows: "False advertising in the conduct of any business, trade or commerce or in the furnishing of any service in this state is hereby declared unlawful."

62.     GBL § 350-a(1) provides, in part, as follows:

19

The term "false advertising" means advertising, including labeling, of a commodity, or of the kind, character, terms or conditions of any employment opportunity if such advertising is misleading in a material respect. In determining whether any advertising is misleading, there shall be taken into account (among other things) not only representations made by statement, word, design, device, sound or any combination thereof, but also the extent to which the advertising fails to reveal facts material in the light of such representations with respect to the commodity or employment to which the advertising relates under the conditions prescribed in said advertisement, or under such conditions as are customary or usual. …

63. Defendants' naming and advertising of the Products as "SIMPLY GRANOLA" is a materially misleading representation inasmuch as the Represented Ingredients are not the only ingredients used in the Products, which affects consumers' decisions to purchase the Products.

64. Plaintiff and the New York Class Members have been injured inasmuch as they relied upon the naming and advertising of the Products and paid a premium for Products that were – contrary to Defendants' representations – not comprised of only the Represented Ingredients. Accordingly, Plaintiff Civitano and the New York Class received less than what they bargained and/or paid for.

65. Defendants' material misrepresentations were substantially uniform in content, presentation, and impact upon consumers at large. Moreover, all consumers purchasing the Products were and continue to be exposed to Defendants' material misrepresentations.

66. Defendants' labeling of the Products induced Plaintiff Civitano and the New York Class to buy Defendants' Products.

67.     Defendants made the "SIMPLY GRANOLA" representations willfully, wantonly, and with reckless disregard for the truth.

68.     As a result of Defendants' deceptive acts and practices, Plaintiff Civitano and New York Class are entitled to monetary, compensatory, statutory, treble and punitive damages, restitution and disgorgement of all moneys obtained by means of Defendants' unlawful conduct, interest, and attorneys' fees and costs.

## FIFTH CLAIM FOR RELIEF
## VIOLATIONS OF BREACH OF EXPRESS WARRANTY (N.Y. U.C.C. § 2-313)
### *(On behalf of the New York Class)*

69.     Plaintiff Civitano repeats and realleges Paragraphs 1-39 as if fully set forth herein.

70.     Plaintiff Civitano brings this claim on behalf of himself and the New York Class for breach of express warranty under N.Y. U.C.C. § 2-313.

71.     Plaintiff Civitano and members of the New York Class formed a contract with Defendants at the time they purchased the Products. As part of that contract, Defendants represented on the front label of the Products that the Products are "SIMPLY GRANOLA", followed by a clarifying list of the Represented Ingredients, thus warranting to consumers that the Products only contain the Represented Ingredients despite the Products containing more ingredients than the listed Represented Ingredients.

72.     These representations constitute an express warranty and became part of the basis of the bargain between Plaintiff Civitano and members of the New York Class, on the one hand, and Defendant, on the other.

73. Defendant made the representations to induce Plaintiff Civitano and members of the New York Class to purchase the Products, and Plaintiff Civitano and the New York Subclass relied on the representations in purchasing the Products.

74. All conditions precedent to Defendants' liability under the above-referenced contract have been performed by Plaintiff Civitano and the New York Class.

75. Express warranties by a seller of consumer goods are created when an affirmation of fact or promise is made by the seller to the buyer, which relates to the goods and becomes the basis of the bargain. Such warranties can also be created based upon descriptions of the goods which are made as part of the basis of the bargain that the goods shall conform to the description.

76. Defendants breached the express warranties about the Products because, as alleged above, the Products contain more ingredients than stated in the Represented Ingredients.

77. As a result of Defendants' breaches of express warranty, Plaintiff Civitano and the New York Class members were damaged in the amount of the premium price they paid for the Products, in amounts to be proven at trial.

78. In mid-2022, Plaintiff Civitano discovered this breach. On August 3, 2022, Plaintiff Civitano, on behalf of himself and others similarly situated, sent a notice and demand letter to Quaker providing notice of Quaker's breach.

22

**SIXTH CLAIM FOR RELIEF**
**VIOLATION OF CALIFORNIA'S CONSUMERS LEGAL REMEDIES ACT**
**("CLRA")**
**California Civil Code §§ 1750, *et seq*.**
**(*On behalf of the California Consumer Subclass*)**

79.    Plaintiff Farfan repeats the allegations contained in paragraphs 1-39 above as if fully set forth herein.

80.    Plaintiff Farfan brings this claim individually and on behalf of the members of the proposed California Consumer Subclass against Defendants.

81.    Defendants' conduct constitutes violations under the California's Consumers Legal Remedies Act, Cal. Civ. Code §§ 1750, *et seq*. ("CLRA").

82.    Defendants' conduct falls within the meaning of this statute because it caused transactions to occur resulting in the sale or lease of goods to consumers – namely, the sale of the Products. The Products are considered to be "goods" within the meaning of the statute under Cal. Civil Code 1761(a).

83.    Plaintiff Farfan and members of the Classes are "consumers" pursuant to the statute.

84.    Defendants violated the CLRA by way of the following provisions:

a.    Representing that the Products have "characteristics" (i.e., are only the Represented Ingredients) which they are not, in violation of Cal. Civ. Code § 1770(a)(5);

b.    Representing that the Products are of a particular "standard" (i.e., are only the Represented Ingredients) when they are not that standard, in violation of Cal. Civ. Code § 1770(a)(7); and

    c.    Advertising the Products with the "intent not to sell [it] as advertised" in violation of Cal. Civ. Code § 1770(a)(9), given that the Products do not only contain the Represented Ingredients.

85.    As the entity responsible for the manufacturing, labeling, and advertising of the Products, Defendants are aware the claim "SIMPLY GRANOLA," followed by the purported Represented Ingredients, is misleading and will mislead a reasonable consumer.

86.    Due to Defendants' conduct, Plaintiff Farfan and members of the California Consumer Subclass suffered economic injury in that they paid more of the Products than they otherwise would have had they known the truth.

87.    Pursuant to the provisions of Cal. Civ. Code § 1782(a), on September 23, 2021, Quaker received a letter via certified mail, return receipt requested, providing notice to Quaker of its alleged violations of the CLRA, and demanding that it correct such violations. The letter was sent on behalf of all purchasers of the Products during the class period. Because more than 30 days has passed since Quaker received the notice, and Quaker has yet to cure its violations, Plaintiff Farfan brings this claim for damages under the CLRA.

88.    Plaintiff Farfan and members of the Classes therefore seek damages, injunctive relief, reasonable attorneys' fees and costs, and all other available relief as pleaded in this Complaint and available under the CLRA.

**SEVENTH CLAIM FOR RELIEF**
**VIOLATION OF CALIFORNIA'S FALSE ADVERTISING LAW ("FAL")**
**California Business & Professions Code § 17500,** *et seq.*
(***On behalf of the California Classes***)

89.    Plaintiff Farfan repeats the allegations contained in paragraphs 1-39 above as if fully set forth herein.

90.     Plaintiff Farfan brings this claim individually and on behalf of the members of the proposed California Classes against Defendants.

91.     The FAL makes it "unlawful for any person to make or disseminate or cause to be made or disseminated before the public . . . in any advertising device . . . or in any other manner or means whatever, including over the Internet, any statement, concerning . . . personal property or services professional or otherwise, or performance or disposition thereof, which is untrue or misleading and which is known, or which by the exercise of reasonable care should be known, to be untrue or misleading."  Cal. Bus. & Prof. Code § 17500.

92.     Defendants violated the FAL by publicly disseminating misleading and false advertisements for the Products through the labeling of the Products as "SIMPLY GRANOLA," followed by the Represented Ingredients.

93.     Defendants' false and misleading representation was made in order to increase sales of the Products.

94.     Plaintiff Farfan and members of the California Classes would not have bought the Products, or would have paid considerably less for them, had they known that the representations were false and misleading, and that the Products' ingredients were not limited to those in the Represented Ingredients.

95.     Plaintiff Farfan and members of the California Classes seek an order requiring Defendants to: (a) make full restitution for all monies wrongfully obtained; and (b) disgorge all ill-gotten revenues and/or profits.  Plaintiff Farfan also seeks all other available relief as pleaded in this Complaint.

**EIGHTH CLAIM FOR RELIEF**
**VIOLATION OF CALIFORNIA'S UNFAIR COMPETITION LAW ("UCL")**
**California Business & Professions Code § 17200, *et seq*.**
(***On behalf of the California Classes***)

96. Plaintiff Farfan repeats the allegations contained in paragraphs 1-39 above as if fully set forth herein.

97. Plaintiff Farfan brings this claim individually and on behalf of the members of the proposed California Classes against Defendants.

98. Plaintiff Farfan and Defendants are "persons" within the meaning of the UCL. Cal. Bus. & Prof. Code § 17201.

99. The UCL defines unfair competition to include any "unlawful, unfair or fraudulent business act or practice," as well as any "unfair, deceptive, untrue or misleading advertising." Cal. Bus. Prof. Code § 17200.

100. In the course of conducting business, Defendants engaged in "unlawful" business practices by violating 21 C.F.R. § 101.18(b), Cal. Civ. Code § 1770, Cal. Bus. & Prof. Code § 17500, and the other laws referenced herein.

101. As a result of Defendants' unlawful business acts and practices, Defendants have and continue to unlawfully obtain money from Plaintiff Farfan and members of the California Classes.

102. Defendants' foregoing business practices are also "unfair" under the UCL, which states that unfair acts are acts where the reasons, justifications and motivations of Defendants are outweighed by the harm to Plaintiff Farfan and other California consumers.

103. A business practice is also considered to be "unfair" if the conduct alleged is immoral, unethical, oppressive, or substantially injurious to consumers; as well as if the conduct alleged causes an injury which is not outweighed by any benefits to other consumers or to competition, and that the injury is of the type that the consumer could not have avoided.

26

Defendants' conduct is "unfair" pursuant to the UCL under each of the three tests described in these paragraphs.

104.    Defendants' behavior constitutes unfair business practices under California law.

105.    Defendants' retention of Plaintiff Farfan's and California Class member's payments for the Products outweighs the economic harm that said retention imposes on consumers. The only parties that benefits are Defendants. There is no benefit to deceiving consumers regarding the ingredients in the Products they are consuming, particularly when Defendants are charging a premium for this false perception. Defendants' sale of the Products with the "SIMPLY GRANOLA" misrepresentation discussed herein are immoral, unethical, oppressive, and substantially injures consumers.

106.    As Defendants continue to unfairly retain Plaintiff Farfan's and members of the California Classes' payments for the Products, this conduct continues to be unfair under California law. This is exactly the type of unscrupulous and inexcusable business practice that the UCL was enacted to address.

107.    Defendants' representations are also "fraudulent" under the UCL because they have the effect of deceiving consumers into believing that the Products are comprised of only certain ingredients when they are not.

108.    Defendants knew, or should have known, their material misrepresentation would be likely to deceive and harm the consuming public and result in consumers making payments to Defendants under the false impression about the Products.

109.    As a result of Defendants' conduct, Plaintiff Farfan and members of the California Classes have suffered injury-in-fact by paying more for the Products than they otherwise would have.  Plaintiff Farfan requests that the Court issue sufficient equitable relief

to restore him and members of the Classes to the position they would have been had Defendants not engaged in unfair business practices.

110.  Plaintiff Farfan and members of the California Classes seek an order requiring Defendants to: (a) make full restitution for all monies wrongfully obtained; and (b) disgorge all ill-gotten revenues and/or profits. Plaintiff Farfan also seeks all other available relief as pleaded in this Complaint.

**NINTH CLAIM FOR RELIEF**
**Breach of Express Warranty**
**Cal. Com. Code § 2313**
(***For the California Class***)

111.  Plaintiff Farfan repeats the allegations contained in paragraphs 1-39 above as if fully set forth herein.

112.  Plaintiff Farfan brings this claim individually and on behalf of the members of the California Class against Defendants for breach of express warranty under Cal. Com. Code § 2313.

113.  California's express warranty statutes provide that "(a) Any affirmation of fact or promise made by the seller to the buyer which relates to the goods and becomes part of the basis of the bargain creates an express warranty that the goods shall conform to the affirmation or promise," and "(b) Any description of the goods which is made part of the basis of the bargain creates an express warranty that the goods shall conform to the description." Cal. Com. Code § 2313.

114.  Defendants has expressly warranted on the Products' front packaging that the Products were "SIMPLY GRANOLA", followed by a clarifying list of the Represented Ingredients, thus warranting to consumers that the Products only contain the Represented Ingredients, despite the Products containing more ingredients than the listed Represented Ingredients.

115.     The Represented Ingredients and "SIMPLY GRANOLA" representations on the Products' front labels are: (a) an affirmation of fact or promise made by Defendants to consumers that the Products contain only the ingredients listed in the Represented Ingredients; (b) became part of the basis of the bargain to purchase the Products when Plaintiff and other consumers relied on the representations; and (c) created an express warranty that the Products would conform to the affirmations of fact or promises. In the alternative, the representations about the Products are descriptions of goods which were made as part of the basis of the bargain to purchase the Products, and which created an express warranty that the Products would conform to the product descriptions.

116.     Plaintiff Farfan and members of the California Class reasonably and justifiably relied on the foregoing express warranties, believing that the Products did in fact conform to those warranties.

117.     Defendants have breached the express warranties made to Plaintiff Farfan and members of the California Class by failing to provide the Products with solely the ingredients listed in the Represented Ingredients.

118.     Plaintiff Farfan and members of the California Class paid a premium price for the Products but did not obtain the full value of the Products as represented. If Plaintiff Farfan and members of the California Class had known of the true nature of the Products, they would not have been willing to pay the premium price associated with them. As a result, Plaintiff Farfan and members of the California Class suffered injury and deserve to recover all damages afforded under the law. Quaker was provided notice of these violations on September 23, 2021.

**TENTH CLAIM FOR RELIEF**
**Breach of Implied Warranty**
**Cal. Com. Code § 2314**
(*For the California Class*)

119.     Plaintiff Farfan repeat the allegations contained in paragraphs 1-39 above as if fully set forth herein.

120.     Plaintiff Farfan brings this claim individually and on behalf of the members of the California Class against Defendants for breach of implied warranty under Cal. Com. Code §2314.

121.     California's implied warranty of merchantability statute provides that "a warranty that the goods shall be merchantable is implied in a contract for their sale if the seller is a merchant with respect to goods of that kind." Cal. Com. Code § 2314(1).

122.     California's implied warranty of merchantability statute also provides that "[g]oods to be merchantable must be at least such as . . . (f) conform to the promises or affirmations of fact made on the container or label if any." Cal. Com. Code § 2314(2)(f).

123.     Defendants are merchants with respect to the sale of Products. Therefore, a warranty of merchantability is implied in every contract for sale of the Products to California consumers.

124.     By advertising the Products' front labeling with the "SIMPLY GRANOLA" representation, followed by a clarifying list of the Represented Ingredients, Defendants made an implied promise on the Products' labeling that the Products only contain the Represented Ingredients. The Products, however, have not "conformed to the promises…made on the container or label" because the Products contain more ingredients than the listed Represented Ingredients. Plaintiff Farfan, as well as other California consumers, did not receive the goods as impliedly warranted by Defendants to be merchantable. Therefore, the Products are not merchantable under California law and Defendants have breached their implied warranty of

merchantability in regard to the Products.

125.    If Plaintiff Farfan and members of the California Class had known that the Products' "SIMPLY GRANOLA" and Represented Ingredients representations were false and misleading, they would not have been willing to pay the premium price associated with them. Therefore, as a direct and/or indirect result of Defendants' breach, Plaintiff Farfan and members of the California Class have suffered injury and deserve to recover all damages afforded under the law.  Quaker was provided notice of these violations on September 23, 2021.

## ELEVENTH CLAIM FOR RELIEF
### UNJUST ENRICHMENT

*(On behalf of Plaintiffs and the Classes)*

126.    Plaintiffs repeat and reallege Paragraphs 1-39 as if fully set forth herein.

127.    Plaintiffs bring this claim for unjust enrichment individually and on behalf of the Classes.

128.    Plaintiffs and members of the Classes purchased Defendants' Products and paid a premium for the Products, as described in this Complaint. Defendants misrepresented that the Products are "SIMPLY" granola which commanded a price premium for the Products.

129.    Defendants had knowledge of such benefit and obtained the benefit by their misrepresentation because that misrepresentation induced reasonable consumers to purchase the Products when they would not otherwise have purchased them or purchased them at the advertised price.

130.  Defendants appreciated this benefit and knowingly accepted it at the expense of, and to the detriment of, Plaintiffs and the Classes. Defendants currently retain this benefit.

131.  Defendants' acceptance and retention of the benefit is inequitable and unjust because the benefit was obtained by Defendants' misconduct detailed at length in this Complaint.

132.  Equity cannot in good conscience permit Defendants to be economically enriched for such action at the expense of Plaintiffs and the Classes, and therefore restitution and/or disgorgement of such economic enrichment is required.

## <u>PRAYER FOR RELIEF</u>

WHEREFORE, Plaintiffs, individually and on behalf of other members of the proposed Classes, respectfully request that the Court enter judgment in Plaintiffs' favor and against Defendants as follows:

a.  Declaring that this action is a proper class action, certifying the Classes as requested herein, designating Plaintiffs as Class Representatives and appointing the undersigned counsel as Class Counsel;

b.  A declaration or declaratory judgment that Defendants' conduct has violated and continues to violate the statutes and laws cited herein;

c.  An order requiring imposition of a constructive trust and and/or disgorgement of Defendants' ill-gotten gains and to pay restitution to Plaintiffs and members of the Classes to restore all funds acquired by

means of any act or practice declared by this Court to be an unlawful, fraudulent or unfair business act or practice;

d.   An award of damages, including all available statutory and punitive damages, pursuant to the statutes and the causes of action pled herein;

e.   An award of injunctive and other equitable relief as is necessary to protect the interests of Plaintiff Farfan and the California Class members, including, *inter alia*, an order prohibiting Defendant from engaging in the unlawful acts described above;

f.   Distribution of any monies recovered on behalf of members of the Class via fluid recovery or *cy pres* recovery where necessary and applicable, to prevent Defendants from retaining the benefit of its wrongful conduct;

g.   an award of all recoverable costs and expenses, including reasonable fees for Plaintiffs' attorneys; and

h.   an award of pre- and post-judgment interest to Plaintiffs and members each of the Classes if applicable; and, ordering further relief as this Court deems just and proper.

## JURY DEMAND

Plaintiffs and members of the Classes demand a jury trial on all issues so triable.

DATED: February 28, 2024

**CUSTODIO & DUBEY, LLP**

By: ____/s/ Robert Abiri_____

Robert Abiri
*E-mail:* *abiri@cd-lawyers.com*
445 S. Figueroa Street, Suite 2520
Los Angeles, CA 90071
Telephone: (213) 593-9095
Facsimile: (213) 785-2899

*Attorney for Plaintiffs and the
Putative Classes*