**UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| CHRISTINE HICKEN, ANTHONY CIVITANO, and ALFONZO FARFAN, individually and on behalf of all others similarly situated, | ) | |
| Plaintiffs, | ) | No. 1:22-CV-06043 |
| v. | ) | Judge Edmond E. Chang |
| THE QUAKER OATS COMPANY and DOES 1 through 50, | ) | |
| Defendants. | ) | |

**MEMORANDUM OPINION AND ORDER**

Christine Hicken, Anthony Civitano, and Alfonzo Farfan bring a proposed class action against The Quaker Oats Company (and other unidentified persons), alleging that the label on Quaker granola boxes is deceptive and misleading. R. 42, Am. Compl.[1] The Plaintiffs assert claims under the Illinois Consumer Fraud and Deceptive Business Practices Act, other state consumer fraud acts, New York General Business Law Sections 349 and 350, California's Consumers Legal Remedies Act, California's False Advertising Law, and California's Unfair Competition Law, as well as breach of express warranty under New York and California law, breach of implied

[1]Citations to the record are "R." followed by the docket entry number and, if needed, a page or paragraph number. The Plaintiffs filed an amended complaint to substitute a named plaintiff and the parties agreed that the already pending dismissal-motion briefing would apply to the amended complaint. *See* R. 41, Minute Entry 02/23/24.

warranty under California law, and unjust enrichment. *Id.*[2] Quaker moves to dismiss the claims for failure to state a claim under Civil Rule 12(b)(6). R. 13, Def.'s Mot. For the reasons below, Quaker's motion is granted, and the Amended Complaint is dismissed (without prejudice for now).

## I. Background

In deciding a motion to dismiss, the Court accepts well-pleaded facts as true and draws all reasonable inferences in the plaintiff's favor. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Quaker formulated, manufactured, labeled, marketed, distributed and sold granola with the following front label:




[2]The Court has jurisdiction under the Class Action Fairness Act (CAFA), 28 U.S.C. § 1332(d)(2), because the amount in controversy exceeds $5 million, Hicken is a citizen of Illinois, Civitano is a citizen of New York, Farfan is a citizen of California, and Quaker Oats is a corporation incorporated in New Jersey with its principal place of business in Illinois. Am. Compl. ¶¶ 6–8, 10, 12.

Am. Compl. ¶ 19. Hicken, Civitano, and Farfan purchased this product from Jewel-Osco in Des Plaines, Illinois, BJ's Wholesale Club in College Point, New York, and Albertsons in Monterey Park, California, respectively. *Id.* ¶¶ 6–8. The Plaintiffs allege that the label is misleading because consumers expect, supposedly based on the front label's use of the word "simply" before the word "granola," that the product will contain *only* oats, honey, raisins, and almonds. *Id.* Had they known the granola contained other ingredients, the Plaintiffs allege they would not have bought the product, or would have paid less for it. *Id.* These allegations of misrepresentation are the basis for all of the Plaintiffs' claims. *Id.* ¶¶ 40–132.

## II. Standard of Review

Under Federal Rule of Civil Procedure 8(a)(2), a complaint generally need only include "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). This short and plain statement must "give the defendant fair notice of what the claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (cleaned up).[3] The Seventh Circuit has explained that this rule "reflects a liberal notice pleading regime, which is intended to 'focus litigation on the merits of a claim' rather than on technicalities that might

[3]This Opinion uses (cleaned up) to indicate that internal quotation marks, alterations, and citations have been omitted from quotations. *See* Jack Metzler, *Cleaning Up Quotations*, 18 Journal of Appellate Practice and Process 143 (2017).

keep plaintiffs out of court." *Brooks v. Ross*, 578 F.3d 574, 580 (7th Cir. 2009) (quoting *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 514 (2002)).

Claims alleging fraud must also satisfy the heightened pleading requirement of Federal Rule of Civil Procedure Rule 9(b), which requires that "[i]n alleging fraud or mistake, a party must state *with particularity* the circumstances constituting fraud or mistake." Fed. R. Civ. P. 9(b) (emphasis added). And Rule 9(b)'s heightened pleading standard applies to fraud claims brought under the Illinois Consumer Fraud Act. *Pirelli Armstrong Tire Corp. Retiree Med. Benefits Trust v. Walgreen Co.*, 631 F.3d 436, 441 (7th Cir. 2011). Thus, Rule 9(b) requires that the plaintiffs' complaint "state the identity of the person making the misrepresentation, the time, place, and content of the misrepresentation, and the method by which the misrepresentation was communicated to the plaintiff." *Uni*Quality, Inc. v. Infotronx, Inc.*, 974 F.2d 918, 923 (7th Cir. 1992) (cleaned up). Put differently, the complaint "must describe the who, what, when, where, and how of the fraud." *Pirelli*, 631 F.3d at 441–42 (cleaned up).

"A motion under Rule 12(b)(6) challenges the sufficiency of the complaint to state a claim upon which relief may be granted." *Hallinan v. Fraternal Ord. of Police of Chi. Lodge No. 7*, 570 F.3d 811, 820 (7th Cir. 2009). "[A] complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft*, 556 U.S. at 678 (cleaned up). These allegations "must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. The

allegations that are entitled to the assumption of truth are those that are factual, rather than mere legal conclusions. *Iqbal*, 556 U.S. at 678–79.

## III. Analysis

### A. Illinois Fraud Act

To state a Fraud Act claim, the Plaintiffs must adequately plead "(1) a deceptive or unfair act or promise by the defendant; (2) the defendant's intent that the plaintiff rely on the deceptive or unfair practice; and (3) that the unfair or deceptive practice occurred during a course of conduct involving trade or commerce." *Camasta v. Jos. A. Bank Clothiers, Inc.*, 761 F.3d 732, 739 (7th Cir. 2014) (cleaned up). In product-label cases, "plaintiffs' claims survive if they have plausibly alleged that the defendants' front labels likely lead a significant portion of reasonable consumers to falsely believe something that the back labels belie." *Bell v. Publix Super Markets, Inc.*, 982 F.3d 468, 476 (7th Cir. 2020). Although "an accurate fine-print list of ingredients does not foreclose as a matter of law a claim that an ambiguous front label deceives reasonable consumers," *id.*, "where plaintiffs base deceptive advertising claims on *unreasonable or fanciful* interpretations of labels or other advertising, dismissal on the pleadings may well be justified," *id.* at 477 (emphasis added).

Even viewing the allegations in the Plaintiffs' favor, their proposed interpretation of the product label is unreasonable and fanciful. The Plaintiffs are correct that the front label says "simply granola" and also lists "oats, honey, raisins & almonds." Am. Compl. ¶¶ 18–19. But "granola" is not a kind of food that has a designated and agreed upon ingredient list that any reasonable customer would understand based

on the phrase "simply granola." And even assuming there were such a commonly understood ingredient list (that only included oats, honey, raisins, and almonds), using the word "simply" to describe the granola does not mean, when viewed from the perspective of a reasonable consumer, that the ingredients would be limited to that front-of-the package list. The Plaintiffs also do not plausibly allege that the image of granola, even in combination with the text, conveys that the product will only contain those four ingredients. *See id.* ¶¶ 6–8, 20. Images on the front of packaging would be crowded indeed if reasonable consumers interpreted images to contain every single ingredient in the product (and many ingredients are not even visible). And although the Plaintiffs allege that the granola contains other ingredients, including wheat, sugar, inulin, and vegetable oils, they do not allege that the granola does not, in fact, contain oats, honey, raisins, and almonds. *Id.* ¶¶ 2, 21. So the ingredient list is consistent with the front label and no reasonable consumer could conclude based on the front label that the granola contained only the four highlighted ingredients.

The Plaintiffs' central argument is that the label promises that oats, honey, raisins, and almonds are the *only* ingredients in the granola, and is thus misleading. *See* R. 17, Pls.' Resp. at 2–7. Courts in this district have repeatedly rejected similar arguments where labels highlight an ingredient, but the product contains other ingredients as well. *See Matthews v. Polar Corp.*, 2023 WL 4534543, at *7 (N.D. Ill. Mar. 22, 2023) ("A statement about the presence of an ingredient is not a promise about the amount of the ingredient. … A claim cannot rest on a mere reference to an ingredient that is, in fact, an ingredient unless something else makes that statement

misleading.") (collecting cases); *Gardner v. Ferrara Candy Co.*, 2023 WL 4535906, at *5 (N.D. Ill. Mar. 22, 2023) ("Courts widely dismiss claims that a product contained only a *de minimis* amount of an ingredient when the packaging itself did not promise more.") (collecting cases); *Hamidani v. Bimbo Bakehouse LLC*, 2023 WL 167513, at *3 (N.D. Ill. Jan. 12, 2023) ("Packaging that merely depicts or asserts the presence of an ingredient typically cannot lead a reasonable consumer to conclude that the product contains a certain amount of that ingredient."); *Rudy v. D.F. Stauffer Biscuit Co., Inc.*, 666 F. Supp. 3d 706, 719 (N.D. Ill. 2023) ("Viewing the representations on the packaging in their entirety, none of the text or images give any indication as to the amount of lemon ingredients the product will contain."); *Chiappetta v. Kellogg Sales Co.*, 2022 WL 602505, at *5 (N.D. Ill. Mar. 1, 2022) ("The front of the Product packaging does not state or suggest anything about the amount of strawberries in the Product's filling or guarantee that the filling contains only strawberries, and Chiappetta concedes that the filling contains some strawberries."); *Ledezma v. Upfield US Inc.*, 2022 WL 16553039, at *5 (N.D. Ill. Oct. 31, 2022) (holding that a spread labeled "With Olive Oil" did "not even obliquely suggest that the product contains a particular amount of olive oil, let alone [an] unspecified greater amount of olive oil expected by [plaintiff]"); *Guzman v. Walmart Inc.*, 2023 WL 4535903, at *3 (N.D. Ill. May 15, 2023) ("The product's front label states that it contains 'Mayo with Olive Oil' …. A reasonable consumer could not interpret that representation to mean that the mayo contains a particular amount of olive oil."); *see also Weaver v. Champion Petfoods USA Inc.*, 3 F.4th 927, 937 (7th Cir. 2021) (rejecting the argument that a

product label stating "they use fresh regional ingredients" means "they use *only* fresh regional ingredients," in the context of a Wisconsin Deceptive Trade Practices Act product mislabeling claim). In contrast, when a plaintiff plausibly alleges that a label does make a statement about exclusivity, such as "100% Grated Parmesan Cheese," dismissal is inappropriate. *Bell*, 982 F.3d at 476–77.

Here, the Plaintiffs have not plausibly alleged that a reasonable consumer would conclude, based on the label, that the granola contains only oats, honey, raisins, and almonds. The statement "simply granola" with a list of ingredients underneath it is not like the statement "100% Grated Parmesan Cheese," and could not plausibly be interpreted to only include those four ingredients. The plaintiffs have not articulated any reason to deviate from the convincing precedent in this district dismissing complaints for product labels that do not plausibly guarantee the exclusivity or predominance of an ingredient named on the label, so Quaker's motion to dismiss the Fraud Act claim is granted.

**B. Other Claims**

The Plaintiffs' remaining claims for violations of other states' consumer fraud acts, the New York General Business Law Sections 349 and 350, California's Consumers Legal Remedies Act, California's False Advertising Law, and California's Unfair Competition Law, as well as their claims for breach of express warranty under New York and California law, breach of implied warranty under California law, and unjust enrichment are all premised on the same allegations of misrepresentation and deception as the Fraud Act claim. *See* Am. Compl. ¶ 49 ("Defendants intended that

Plaintiff Hicken and each of the other members of the CFMS Class would rely upon its deceptive conduct, and a reasonable person would in fact be misled by this deceptive conduct."); *id.* ¶ 56 ("Defendants' improper consumer-oriented conduct – including naming and advertising the Products as 'SIMPLY GRANOLA' – is misleading in a material way"); *id.* ¶ 63 ("Defendants' naming and advertising of the Products as 'SIMPLY GRANOLA' is a materially misleading representation inasmuch as the Represented Ingredients are not the only ingredients used in the Products"); *id.* ¶ 71 ("Defendants represented on the front label of the Products that the Products are 'SIMPLY GRANOLA', followed by a clarifying list of the Represented Ingredients, thus warranting to consumers that the Products only contain the Represented Ingredients"); *id.* ¶ 85 ("Defendants are aware the claim 'SIMPLY GRANOLA,' followed by the purported Represented Ingredients, is misleading and will mislead a reasonable consumer"); *id.* ¶ 92 ("Defendants violated the FAL by publicly disseminating misleading and false advertisements for the Products through the labeling of the Products as 'SIMPLY GRANOLA,' followed by the Represented Ingredients"); *id.* ¶ 105 ("Defendants' sale of the Products with the 'SIMPLY GRANOLA' misrepresentation discussed herein are immoral, unethical, oppressive, and substantially injures consumers"); *id.* ¶ 114 ("Defendants has expressly warranted on the Products' front packaging that the Products were 'SIMPLY GRANOLA', followed by a clarifying list of the Represented Ingredients"); *id.* ¶ 124 ("By advertising the Products' front labeling with the 'SIMPLY GRANOLA' representation, followed by a clarifying list of the Represented Ingredients, Defendants made an implied promise on the Products' labeling

that the Products only contain the Represented Ingredients."); *id.* ¶ 128 ("Defendants misrepresented that the Products are 'SIMPLY' granola which commanded a price premium for the Products."). Because the Plaintiffs have not plausibly alleged that the product's label is false, misleading, or deceptive as a matter of law as explained above, their remaining claims also fail for the same reasons. *See, e.g.*, *Jackson v. Kraft Heinz Foods Co.*, 2022 WL 4591749, at *4 (N.D. Ill. Aug. 3, 2022); *Wach v. Prairie Farms Dairy, Inc.*, 2022 WL 1591715, at *6 (N.D. Ill. May 19, 2022).

**C. Preemption**

Quaker also moves to dismiss on preemption grounds, arguing that all of the state law claims are preempted by the federal Food, Drug & Cosmetic Act, 21 U.S.C. §§ 343-1(a)(2), (a)(3) (commonly referred to as the FDCA). Although the Plaintiffs have failed to state any claim as a matter of law as described above, the Court will address this argument for the parties' guidance, especially if the Plaintiffs choose to file a second amended complaint. Quaker contends that it is allowed to depict the granola's flavors on the front label under federal law, and the Plaintiffs seek to impose requirements that conflict with federal law and are thus preempted. Def.'s Mot. at 4–5 (citing 21 C.F.R. § 101.22(i); *In re Quaker Oats Maple & Brown Sugar Instant Oatmeal Litig.*, 2017 WL 4676585, at *3–6 (C.D. Cal. Oct. 10, 2017)). The Plaintiffs respond that their claims are not about Quaker's characterization of flavors, meaning that the federal regulations cited by Quaker do not apply. Pls.' Resp. at 3–4 (citing *Hawyuan Yu v. Dr Pepper Snapple Grp., Inc.*, 2019 WL 2515919, at *4 (N.D. Cal. June 18, 2019)).

The FDCA bars states from "directly or indirectly establish[ing] under any authority … any requirement for the labeling of a food required by [the Act] that is not identical to the requirement of such section." 21 U.S.C. § 343-1(a)(2), (a)(3). The Seventh Circuit has held in the context of deceptive-product-label claims that "[t]he FDCA's preemption provision means that, while states may not require sellers to *add* further labeling that is not required by federal law, they may prevent sellers from voluntarily adding deceptive content that is not required by federal law." *Bell*, 982 F.3d at 483–85. So when a plaintiff seeks more detail on a label than federal law requires by invoking a state law, then such a claim is barred by federal law. *Id.* at 484; *Turek v. General Mills, Inc.* 662 F.3d 423, 426–27 (7th Cir. 2011). But the FDCA does not completely preempt state law claims: state law claims are not preempted in a case like this one, in which the Plaintiffs allege that an affirmative statement made on a label is *deceptive*. *See id.* Although the claims fail as a matter of law under Civil Rule 12(b)(6) as explained above, they are not preempted by the FDCA.

## IV. Conclusion

Quaker's motion to dismiss all of the Plaintiffs' claims is granted, and the Amended Complaint is dismissed. Although the Court is skeptical that the Amended Complaint can be fixed, for now the dismissal is without prejudice, because the Plaintiffs have not had a chance to substantively amend the complaint yet. *See supra* at 1 n.1 (explaining that the prior amendment only substituted a named plaintiff). The second amended complaint is due (if filed at all) on or before December 17, 2024. If no second amended complaint is filed, then the dismissal will automatically convert

to a dismissal with prejudice. The status hearing of December 13, 2024, is reset to December 20, 2024, at 8:30 a.m., but only to track the case.

ENTERED:

s/Edmond E. Chang
Honorable Edmond E. Chang
United States District Judge

DATE: December 2, 2024